EDWARD B. HOLLINSHEAD ET AL., APPELLANTS, v. AT-
LANTIC CITY RAILROAD COMPANY, RESPONDENT.

Argued October 30, 1925—Decided February 8, 1926.

In 1877 one Hollinshead conveyed to the Philadelphia and Atlantic
City Railroad Company a strip of land which bisected his farm,
which strip was to be used by the company in the construction
and operation of its railroad. The grant contained no reserva-
tion of a right of way over the railroad, but the company, after
completing its line, and in compliance with its statutory duty,
provided a wagon-way across its tracks for the purpose of af-
fording access to and from the land on one side to the land on
the other. A private road was laid out on the farm which
crossed the railroad at the wagon-road laid over the tracks by
the railroad company. Subsequently the entire tract was laid
out into building lots and streets, including the road laid across
the tracks, was dedicated to public use and accepted and main-
tained by the municipality, until the public utility board, after
notice of all parties, adjudged that the crossing was dangerous,
and ordered that the street at the point of crossing be vacated
and that the crossing of the tracks be relocated. *Held*, that as
the obligations of the railroad to construct and maintain the
crossing was created solely by the mandate of the legislature,

303

the power of the state to abrogate this obligation cannot be doubted, and that the owner of the farm, by changing the private road into a public one, created a condition of which the public utility board could properly take notice and action.

On appeal from the Supreme Court.

For the appellants, *Louis B. LeDuc*.

For the respondent, *French & Richards*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by the plaintiffs to recover damages sustained by them through the alleged wrongful closing of a private right of way over the defendant's tracks in the borough of Oaklyn, the user of which they claimed to be presently entitled to enjoy. The trial resulted in the direction of a verdict in favor of the defendant company, and the plaintiffs have appealed.

The material facts in evidence were as follows: In the year 1877 one Joseph C. Hollinshead, who was then the owner of a farm in what is now known as the borough of Oaklyn, conveyed to the Philadelphia and Atlantic City Railroad Company, the predecessor of the present respondent, a strip of land which bisected the farm and which was to be used by the company in the construction and operation of its railroad. The grant contained no reservation of a right of way over the railroad, but the company, after completing its line through this strip, and in compliance with the duty imposed upon it by section 14 of the General Railroad law of 1873 (now section 26 of our present Railroad act, *Comp. Stat., p.* 4231), provided a wagon-way across its tracks for the purpose of affording access to and from the land of Hollinshead on the one side thereof to the land on the other side. Hollinshead had laid out a private road through his farm, which crossed over the strip conveyed to the railroad company, and the wagon-way constructed by the railroad company across its tracks was laid upon this private road, thus

affording a continuous passage through the whole farm. Subsequently, and in the year 1891, Hollinshead laid out his farm into lots and streets, one of these streets being the private road just mentioned; filed a map of the same in the office of the register of deeds of Camden county, and sold many of these lots to various purchasers, thus dedicating this street as well as others to public use. This dedication, so far as said private road is concerned, was accepted by the municipal authorities of the borough of Oaklyn, and the street was thereupon improved, and has since been maintained and kept in repair by the borough. The dedication included the wagon-way over the company's railroad, and was acquiesced in by that company and by its successor, the present respondent. The street thus dedicated is now known as Oakland avenue.

In the year 1923 the board of public utility commissioners, after notice to all parties interested, and upon a full hearing, adjudged that the Oakland avenue crossing over the respondent's right of way was dangerous to public safety, and thereupon ordered that Oakland avenue at this point be vacated, and that the respondent relocate and change this crossing to a point at Clinton avenue, in said borough. The respondent has complied with this order by constructing the new crossing at Clinton avenue, in conformity to the plans furnished by the utilities board, and by closing the Oakland avenue crossing to public travel by the erection of a fence upon each side of its right of way.

The theory upon which the plaintiff's claim for damages is rested is that the respondent, by obeying the order of the public utilities commission, had unlawfully interfered with their user of the private way over its tracks, which was constructed in the year 1877, and which, they claim, still exists, notwithstanding the dedication of Oakland avenue to public use, and the acceptance thereof, and passed to them as successors in title to certain of the lots into which the Hollinshead farm was divided, and which lie on each side of the respondent's right of way.

On this state of facts, we consider that the claim of the plaintiffs has no legal basis upon which to rest, and that the respondent was legally justified in erecting these fences, and incurred no responsibility to the plaintiffs for so doing. As has already been pointed out, the obligation of the railroad company to construct and maintain this crossing was created solely by the mandate of the legislature. The power of the state to abrogate this obligation and prohibit its further performance whenever public safety should require it cannot, we think, be doubted. This power may be exercised either by direct enactment of the legislature or by the creation of a state agency in which this power is vested by legislative authority. In the present case the plaintiffs and their predecessors in title changed this private wagon-way into a public crossing, with the acquiescence of the railroad company. By doing so, they created a condition which, in the judgment of the utilities board, now constitutes a menace to the safety of the members of the public traveling on Oakland avenue across the railroad right of way. For the protection of the public, the utilities board has ordered the crossing to be closed to public travel, and that board, in making such order, is to be presumed to have done so in the exercise of powers conferred upon it which authorized such action by it. The making of this order necessarily carries with it a revocation of the statutory obligation of the railroad company to keep open the wagon-way at that point, for its continued existence would be an invitation to the general public traveling on Oakland avenue (which still remains a public street on each side of the company's right of way) to use it, notwithstanding the danger which would result from such user.

This being the legal effect of the order of the utilities board, and that order being in full force and effect at the time of the institution of this suit, a compliance therewith by the respondent, as we have already stated, imposed upon it no legal liability in favor of the appellants, so long as that order shall remain unrevoked or until it is nullified by judicial action.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 16.

*For reversal*—None.